**Todd M. Friedman (216752)**
**Law Offices of Todd M. Friedman, P.C.**
**324 S. Beverly Dr., #725**
**Beverly Hills, CA 90212**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **GARY GEISERT,** ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR** |
| ) |   **1. VIOLATION OF FEDERAL** |
| vs. ) |      **FAIR DEBT COLLECTION** |
| ) |      **PRACTICES ACT,** |
| **JPMORGAN CHASE BANK,** ) |   **2. VIOLATION OF COLORADO** |
| ) |      **FAIR DEBT COLLECTION** |
| Defendant. ) |      **PRACTICES ACT, AND** |
| _____ ) |   **3. TELEPHONE CONSUMER** |
| |      **PROTECTION ACT** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for

Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.

§1692, *et seq.* (hereinafter "FDCPA") and the Colorado Fair Debt Collection

Practices Act, Colorado Uniform Consumer Credit Code Colorado Uniform

Consumer Credit Code § 12-14-101 *et seq.* (hereinafter "CFDCPA"), both of

which prohibit debt collectors from engaging in abusive, deceptive, and unfair

practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq*. (hereinafter "TCPA").

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III.  PARTIES

3.      Plaintiff, Gary Geisert ("Plaintiff"), is a natural person residing in Spokane county in the state of Washington, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and Colorado Uniform Consumer Credit Code § 12-14-103(4). At all relevant times herein, Plaintiff was residing and received collection calls from Defendant while residing in El Paso County in the state of Colorado.

4.      At all relevant times herein, Defendant, JPMORGAN CHASE BANK, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5)   . Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).and Colorado Uniform Consumer Credit Code § 12-14-103(6).

///

## IV.  FACTUAL ALLEGATIONS

5.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.      Beginning in or around April of 2015, Defendant began making a barrage of calls to Plaintiff.

7.      Defendant often called from phone numbers 847-426-9209 and 210-520-0004.

8.      Defendant contacted Plaintiff in a manner that would constitute harassment, annoyance, and abuse.

9.      Defendant caused Plaintiff's telephone to ring in a manner that would constitute harassment.

10.     On or around July 22, 2015, Plaintiff sent a notice of representation to Defendant. Defendant has failed to respond at this time.

11.     Furthermore, during all relevant times, Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1),* to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

12.     Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A).*

13.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1).*

14.     During all relevant times, Defendant did not have Plaintiff's prior consent to be contacted via an "automated telephone dialing system".

15.     Defendant's conduct violated the CFDCPA and the FDCPA in multiple ways, including but not limited to:

    a) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (Section 12-14-106 (1)(e));

    b) At any unusual time, place, or manner known or which should be known to be inconvenient to the consumer (Section 12-14-105 (1) (a));

    c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

    d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

    e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d and Section 12-14-106 (1)); and,

    f) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§ 1692g(a)).

16.    Defendant conduct violated the TCPA by:

   a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

17.    As a result of the above violations of the FDCPA and TCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18.    Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

   A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

   B.    Actual damages;

   C.    Statutory damages;

   D.    Costs and reasonable attorney's fees; and,

   E.    For such other and further relief as may be just and proper.

///

## COUNT I: VIOLATION OF THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT

19.  Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Declaratory judgment that Defendant's conduct violated the CFDCPA;

B.  Actual damages;

C.  Statutory damages;

D.  Costs and reasonable attorney's fees; and,

F.  For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

20.  Plaintiff reincorporates by reference all of the preceding paragraphs.

21.  To the extent that Defendant's actions, counted above, violated the TCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Declaratory judgment that Defendant's conduct violated the TCPA;

B.     Actual damages;

C.     Statutory damages for willful and negligent violations;

D.     Costs and reasonable attorney's fees,

E.     For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 29th day of February, 2016.

By:     s/ Todd M. Friedman
Todd M. Friedman
The Law Offices of Todd M. Friedman
324 South Beverly Dr.,
Beverly Hills, CA 90212
Phone: 877 206-4741
Fax: 866 633-0228
E-mail: tfriedman@attorneysforconsumers.com
Attorney for Plaintiff Gary Geisert